UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHERI HALLIDAY,

    **Plaintiff,**

v.                                                          Case No. 19-CV-862

KILOLO KIJAKAZI,
Acting Commissioner of Social Security[1],

    **Defendant.**

---

### DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

---

On August 5, 2020, I reversed the Social Security Commissioner's decision denying Sheri Halliday's claim for disability insurance benefits and remanded the case for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (Docket # 18.) I granted Halliday's request for attorney's fees under the Equal Access to Justice Act ("EAJA") on November 4, 2020 and awarded $4,479.84 in fees. (Docket # 21.) On remand, Halliday appeared before an Administrative Law Judge who approved her claim for disability insurance benefits. (Docket # 22-3.) The Social Security Administration issued a Notice of Award letter dated June 27, 2021, stating that the Administration was withholding $15,226.13, which amounts to 25% of her past due benefits, to pay her attorney. (Docket # 22-2 at 2.)

Halliday agreed to pay her attorney 25% of her past-due benefits award. (Docket # 22-1.) Again, the Administration withheld $15,226.13, from her past-due benefits to pay her representative. Halliday's counsel, Attorney James Brzezinski, now requests that the Court

---

[1] The court has changed the caption to reflect Kilolo Kijakazi's recent appointment as acting commissioner.

award him a net fee of $9,226.13, which represents 22.5% of Halliday's past-due benefits withheld offset by the previously awarded EAJA fees. *See Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) ("When attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant").

Counsel acknowledges that the netting method—whereby the court offsets the prior EAJA award instead of ordering that the attorney refund the award to the claimant—is "disfavored in light of the Savings Provision's language that anticipates an attorney-to-claimant refund." *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (internal quotations omitted). Nevertheless, counsel argues that because the amount of money remaining in the pool of Halliday's past-due benefits, $9,226.13, is the exact amount that counsel now requests, the netting method should be employed. (Docket # 22 at 5.) It is within the court's discretion whether to employ the netting method as requested by counsel or to require that counsel refund the EAJA award directly. *O'Donnell*, 983 F.3d at 957. Given the Seventh Circuit's guidance in *O'Donnell*, I decline to utilize the netting method in considering counsel's request for § 406(b) fees.

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant

2

must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

As noted above, Halliday entered into a 25% contingency fee agreement with counsel. Twenty-five percent of her total past due benefits equals $15,226.13. Thus, counsel has met the "one boundary line" of requesting a fee that does not exceed twenty-five percent of the past-due benefits.

However, within the twenty-five percent boundary, counsel must still show that the fee sought is reasonable. Counsel contends that the requested fee is reasonable for the 22.72 hours of work performed in this case. (Docket # 22 at 4.) Pursuant to *Gisbrecht*, I find the requested fee is reasonable. Counsel obtained a fully favorable result for Halliday, who was awarded disability insurance benefits and was awarded back benefits to October 2014. (Docket # 22-2 at 1.) I further find the fee does not constitute a windfall to the attorney. The amount sought by counsel under § 406(b) is within the 25% permitted by law and provided for in the fee agreement. The fee of $15,226.13 for 22.72 hours of work equates to an hourly fee of approximately $670.16/hour, and this is within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (approving hourly rate of $580.67 per hour for 38.80 hours of work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, *1 (W.D. Wis. July 14, 2008) (approving rate hourly rate of $666

per hour).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Docket # 22) is hereby **GRANTED**. Attorney James Brzezinski is awarded fees in the amount of $15,226.13.

**IT IS FURTHER ORDERED** that upon receipt of this sum, Attorney Brzezinski is directed to refund $4,479.84, representing fees that were previously awarded under the EAJA, directly to Halliday.

Dated at Milwaukee, Wisconsin this 11th day of March, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge